464 P.2d 672

The WOLF CORPORATION, dba Tidelands Motor Inn, Appellant,

v.

Al LOUIS, individually and on behalf of others similarly situated, Appellee.

No. 2 CA-CIV 549.

Court of Appeals of Arizona.

Division 2.

Feb. 4, 1970.

Lesher, Scruggs, Rucker, Kimble & Lindamood, by E. F. Rucker, Tucson, for appellant.

William E. Netherton, Tucson, for appellee.

KRUCKER, Judge.

The facts which gave rise to this appeal are as follows. On September 12, 1966, the appellant entered into a contract with Franor Hotel Corporation and Francis Norton, individually, wherein Franor agreed to pay appellant the sum of $48,000 as rent for hotel property owned by the appellant. Franor's default in payment of this sum resulted in a suit by the appellant, and the controversy was resolved in favor of appellant in the sum of $46,147.75.

The appellant took possession of the hotel property upon Franor's default, and thereafter, in the normal course of business, received from various persons monies totaling $4,714.61, owing to Franor for goods and services furnished while it had operated the property in question. These

monies were deposited by appellant in a separate account. Subsequently, on March 24, 1967, the appellee obtained a judgment against Franor for past due wages in an amount in excess of the monies collected by appellant. On March 28, 1967, appellant was served with appellee's writ of garnishment, in substance demanding all monies held by appellant and owed Franor. On March 30, 1967, appellant filed an answer in garnishment, denying that on March 28, 1967 it was indebted to Franor or that it had other effects in its possession or control belonging to Franor.

On May 31, 1967, the appellee filed an affidavit controverting the answer in garnishment. The challenge to the correctness of the garnishee's answer was predicated on the fact that in other superior court litigation:

"* * * [A] determination was made that the Defendant Garnishee did in fact have funds of the Defendant herein; That due to the foregoing Answer of the Garnishee Defendant is incorrect."

On June 12, 1967, a stipulation was filed herein to the effect that any recovery by the appellee in these garnishment proceedings would be subject to and would not include any amounts which the garnishee would be required to pay in the other litigation. (The sum of $1,549.83.) On October 2, 1967, the following stipulation was filed by the parties hereto which we set out in toto:

"In order to avoid the necessity of further pleading and proof in the garnishment proceeding, it is stipulated as follows:

1. On September 12, 1966, Franor Hotel Corporation and the garnishee entered into a contract, a copy of which is attached.

2. The $44,000 plus $4,000 which Franor Hotel Corporation was obligated to pay the garnishee was not paid. The garnishee commenced Action No. 95815 in this court, and on March 23, 1967, it was granted judgment against Franor

Hotel Corporation in the sum of $46,147.75.

3. After Franor Hotel Corporation failed to comply with its agreement the garnishee assumed the possession of the Tidelands Motel property and operated it. In the course of operating the motel, various persons paid to the garnishee monies which they owed to Franor Hotel Corporation for services and goods furnished while Franor Hotel Corporation was operating the Tidelands.

4. The above monies so received by the garnishee are subject to a judgment in this court in Action No. 98149 in the total sum of $1,549.83, leaving the amount in controversy here $3,164.78.

5. The plaintiffs contend that the balance of the monies so received is a debt owed by the garnishee to Franor Hotel Corporation, is subject to the garnishment and garnishee may not set off any claims it has against Franor Hotel Corporation. The garnishee contends that, while it owes the balance of the monies so received to Franor Hotel Corporation, yet Franor Hotel Corporation is indebted to it in a greater amount and the garnishee may set off the balance of the funds so collected against the indebtedness owed it.

6. This matter may be submitted to the court for final determination by the court on the foregoing stipulation."

On October 19, 1967, the trial court entered the following judgment:

"This matter having come on for decision by the Court upon stipulation of counsel for Plaintiff and counsel for Garnishee and the Court having fully considered the matters set forth in the said Stipulation, now therefore:

IT IS HEREBY ORDERED that the Plaintiff have Judgment against the Garnishee, Defendant, The Wolf Corporation, dba Tidelands Motor Inn, in the amount of $3,164.78, that being the sum Garnishee Defendant is holding subject to the Garnishment proceedings."

Appellant contends that the trial court erred in requiring it to surrender the funds in its possession to the garnisher for the reason that it, as a judgment creditor, possessed the right of setoff and did in fact exercise such right. Appellee, on the other hand, contends that the appellant waived its right of set off by failing to affirmatively plead it and further, that appellant was not a judgment creditor.

The record reflects that this is a situation of an agreed case or a case stated, and not a trial to the court without a jury. When litigants submit a cause on agreed facts, such agreed facts constitute the sole basis for the judgment rendered thereon, hence the judgment must be tested on the basis of those agreed facts. Clayton v. Communications Capital Corp., 7 Ariz.App. 449, 440 P.2d 330 (1968); Eason v. Dew, 244 N.C. 571, 94 S.E.2d 603 (1956). A stipulation is a judicial admission constituting an abandonment of any contention to the contrary, and one who has stipulated to certain facts is foreclosed from repudiating them on appeal. Sears, Roebuck and Co. v. Hupert, Mo.App., 352 S.W.2d 382 (1961); United States v. Sinor, 238 F.2d 271 (5th Cir. 1956); Spitz v. Volibar Realty Co., Ohio App., 75 Ohio L.Abst. 526, 138 N.E.2d 438 (1956).

Appellee contends that the defense of setoff was not pleaded by the appellant, hence was not an issue. We do not agree. A stipulation as to facts incorporates into the pleadings all of the facts agreed upon and may cure a defect in the pleadings. 83 C.J.S. Stipulations § 24(b) (5). Where parties stipulate as to the issues to be tried, the pleadings become immaterial. Carson v. McMahan, 215 Or. 38, 332 P.2d 84, 73 A.L.R.2d 981 (1958); see also, Glitsos v. Kadish, 4 Ariz.App. 134, 418 P.2d 129 (1966). We are of the opinion that paragraph five of the stipulation hereinabove set forth clearly injected the issue of setoff into the case. Although appellee now argues that such was not his intention, he cannot now complain if he consented to a choice of words in the stipulation which did not state what he now says he really meant to say. Bemer v. Bemer, 152 Cal.App.2d 766, 314 P.2d 114 (1957).

Having concluded that setoff was an issue, the remaining question is the effect of the stipulation that the appellant "was granted judgment" prior to garnishment proceedings. Appellee contends that it was not until after the stipulation was signed that he became aware of the fact that appellant's judgment did not comport with the requirements of Rule 58(a), as amended, Rules of Civil Procedure, 16 A. R.S. Appellee, however, having failed to seek relief from the effect of his stipulation, is bound thereby. Higgins v. Guerin, 74 Ariz. 187, 245 P.2d 956, 33 A.L.R.2d 769 (1952); Peart v. Superior Court in and for County of Mohave, 6 Ariz.App. 6, 429 P.2d 498 (1967).

The word "judgment" is commonly understood to mean the act of a court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand. State v. Birmingham, 96 Ariz. 109, 392 P.2d 775 (1964). There is no higher proof that a fact exists than a stipulation to or an agreement of its existence. Edwards v. Holcomb, 67 Ill.App.2d 479, 214 N.E.2d 512 (1966). We believe, therefore, that the stipulation as to "judgment" necessarily imports a finality of determination of the controversy between appellant and Franor. The trial court, as indicated by the judgment entered in the instant proceedings, based its determination solely on the stipulated facts. Since appellee had agreed (1) that setoff was an issue, and (2) that appellant was a judgment creditor, such facts were conclusive and the trial court's only function was to apply the law. Cunningham v. J. A. Myers Co., 176 Ohio St. 410, 200 N.E.2d 305 (1964).

If the trial court's finding is contrary to a deliberate stipulation, it must fall. Grand v. Griesinger, 160 Cal.App.2d 397, 325 P.2d 475 (1958). A garnishee may set off against the debt due to the judgment debtor whatever demands the garnishee

**356**

might have set off against such debtor himself, had the latter sued the garnishee. 38 C.J.S. Garnishment § 203a; 6 Am.Jur.2d Attachment and Garnishment § 372. In a garnishment proceeding, the garnishing creditor stands in the shoes of the judgment debtor and is in no better position with regard to the garnished property than is the judgment debtor. A.N.S. Properties, Inc. v. Gough Industries, Inc., 102 Ariz. 180, 427 P.2d 131 (1967); Valley National Bank of Arizona v. Hasper, 6 Ariz.App. 376, 432 P.2d 924 (1967); 6 Am.Jur.2d Attachment and Garnishment § 460. Therefore, since the existence of a judgment debt was, by virtue of the stipulation, established as a fact, the appellant-garnishee was entitled to set off against the funds in its possession belonging to Franor, the debt owed to it by Franor.

We hold, therefore, that upon the facts as stipulated, the trial court erred in denying appellant its right of setoff. Accordingly, the judgment is reversed.

HOWARD, C. J., and HATHAWAY, J., concur.