812 P.2d 1139

**Martha E. SARCHETT, a widow, Harold M. Sarchett, II, Trustee of Harold M./Martha E. Sarchett Family Trust dated November 19, 1970; Southwestern Leather and Shoe Findings Company, an Arizona corporation; Party(ies) in Possession by an Unrecorded Interest, Petitioners,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Robert D. Myers, a judge thereof, Respondent Judge,**

**CITY OF PHOENIX, a municipal corporation, Real Party in Interest.**

No. 1 CA–SA 91–098.

Court of Appeals of Arizona, Division 1, Department A.

May 28, 1991.

Dushoff & McCall by Dale S. Zeitlin, Phoenix, for petitioners.

Roderick G. McDougall, City Atty. by Sharon K. Haynes, Asst. City Atty., Phoenix, for real party in interest.

## OPINION

GERBER, Judge.

This special action arises from the trial court's rejection of petitioners' ("Sarchetts") request for change of judge pursuant to Rule 42(f)(1), Arizona Rules of Civil Procedure.

We accept jurisdiction to clarify the meaning of the waiver provision of Rule 42(f)1(D)(i), Arizona Rules of Civil Procedure. The interpretation of this newly amended rule presents an issue of statewide importance impacting all trial courts.

## FACTS

The City of Phoenix filed a complaint in eminent domain against the Sarchetts seeking immediate possession of their real property. The city applied for an order permitting it to take possession of the Sarchetts' property and requested an order to show cause hearing ("OSC").

The Sarchetts agreed that the city had public use and need for the property and further agreed to the bond amount for probable damages. The Sarchetts entered into a written stipulation with the city on all issues which were to be presented at the OSC hearing. The Sarchetts informed the city that they would not attend the OSC hearing because of this stipulation.

The scheduled OSC hearing was held on September 17, 1990. Only the city attended. The trial court approved and signed both the order of Possession and Full Use and the Partial Judgment of Public Use and Necessity.

On February 20, 1991, the Sarchetts filed a notice of change of judge pursuant to Rule 42(f), Arizona Rules of Civil Procedure, directed at the same judge who conducted the September 17, 1990 hearing. The trial court, in applying the amended version of Rule 42(f)1(D), rejected the Sarchetts' notice of change of judge. The trial court concluded that on September 17, 1990 the Sarchetts had "participated" in a scheduled "contested" matter and thus had waived their right to change of judge.

## ANALYSIS

The Sarchetts argue that the trial court's rejection of the notice of change of judge was an abuse of discretion. Rule 3, Rules of Procedure for Special Actions. They argue the trial court applied the wrong version of Rule 42(f)1(D) because the hearing was held in September 1990 and the rule did not become effective until December 1, 1990. Rule 81 of the Rules of Civil Procedure permits the court to apply

the rules of procedure either retroactively or prospectively, unless unfeasible to do so or injustice would result. The trial court applied the correct version of Rule 42(f)1(D) because the Sarchetts' notice of change of judge was filed after the amended rule was in effect and no injustice resulted.

 The Sarchetts next contend that because they entered into a stipulation with the city, the OSC hearing on September 17, 1990 was not a "contested matter." Therefore, in their view, they did not waive their right to a change of judge under Rule 42(f)1(D)(i). We agree.

The amended version of Rule 42(f)1(D) states:

> A party waives the right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party agrees to the assignment or participates before that judge in: (i) any scheduled *contested* matter in the case ...

(Emphasis added.)

A "contested matter" implies a disputed issue existing between parties. *Black's Law Dictionary* 289 (5th ed. 1979), defines "contest" as:

> To make defense to an adverse claim in a court of law. To oppose, resist, or dispute the case made by a plaintiff or prosecutor. To strive to win or hold. To controvert, litigate, call in question, challenge. To defend, as a suit or other proceeding.

The stipulation entered into by the Sarchetts and the city was an agreement on a preliminary issue in a condemnation action. Once the parties entered into the stipulation, the proceeding as to that issue no longer was adversarial because those matters were not disputed. Therefore the OSC hearing did not involve the "contested" matter contemplated under Rule 42(f)1(D)(i), Arizona Rules of Civil Procedure.

Sarchetts' request for relief is granted. This matter is remanded to the trial court with instruction to honor the notice of change of judge. The Sarchetts' request for attorney fees is denied. Rule 4(f), Rules of Procedure for Special Actions.

GRANT, C.J., and JACOBSON, P.J., concur.