829 P.2d 1274

Ubense LEWIS, Petitioner,

v.

The Honorable John F. KELLIHER, Jr.,
a Judge Pro Tempore for the Superior
Court of the State of Arizona, County
of Cochise, Respondent,

and

ARIZONA DEPARTMENT of
ECONOMIC SECURITY,
Real Party in Interest.

No. 2 CA–SA 92–0057.

Court of Appeals of Arizona,
Division 2, Department B.

April 30, 1992.

Dickerson & Rheinheimer by Edward G.
Rheinheimer, Sierra Vista, for petitioner.

Hicks & Conlogue, P.C. by James L. Con-
logue, Bisbee, for Minor.

Grant Woods, The Atty. Gen. by Eileen
T. Weiss, Tucson, for real party in interest.

## OPINION

FERNANDEZ, Presiding Judge.

This special action was taken from the
order of the juvenile court refusing to hon-
or petitioner's notice of change of judge
filed pursuant to Rule 42(f)(1), Ariz.R.Civ.
P., 16 A.R.S. Because respondent has pro-
ceeded without legal authority and because
petitioner has no equally plain, speedy, or
adequate remedy by way of appeal, we
accept jurisdiction and grant relief. Rules
1(a) and 3(b), Ariz.R.P. Spec. Actions, 17B
A.R.S.

Petitioner is the natural mother of the
17–year–old minor who is the subject of a
dependency petition filed by the state on
March 24, 1992. On March 31, the state
filed a petition for court approval of inpa-
tient evaluation of the minor. The minor
was admitted to Sonora Desert Hospital,
and the court set a hearing for review of
the inpatient placement on April 3. Peti-
tioner's attorney was notified of the hear-
ing by the assistant attorney general by
telephone two hours before it took place.
Petitioner's attorney participated in the
hearing, which was conducted by tele-
phone, and raised no objection to the
state's petition.

Prior to the initial hearing on the dependency petition, counsel for petitioner filed a notice of appearance and a notice of change of judge as a matter of right pursuant to Rule 42(f)(1). At the initial hearing, respondent denied petitioner's request for a change of judge on the following grounds: 1) the Rules of Procedure for the Juvenile Court do not authorize a change of judge, 2) the interest of judicial economy, and 3) respondent had already heard and decided the petition for inpatient evaluation. This special action followed.

The Rules of Procedure for the Juvenile Court do not expressly provide for a change of judge. Notwithstanding that fact, this court has held that the statutory provision for automatic change of judge, A.R.S. § 12–409, applies to proceedings in the juvenile court. *Anonymous v. Superior Court*, 14 Ariz.App. 502, 484 P.2d 655 (1971). Civil Rule 42(f) does not create "a separate and distinct remedy" from § 12–409; it simply modifies the procedure to be followed. *Del Castillo v. Wells*, 22 Ariz. App. 41, 44, 523 P.2d 92, 95 (1974). Assuming petitioner complied with the requisite procedure, therefore, she was entitled to a change of judge.

It is unclear what respondent intended in invoking "the interest of judicial economy" as a ground for denying the change of judge. Neither the statute nor the rule designates this as a ground for denying an otherwise properly filed notice. Respondent's order thus cannot be sustained on this ground either.

Finally, respondent found that he had heard the petition for court approval of the inpatient evaluation, apparently concluding that this resulted in a waiver of the right to a change of judge. Under Rule 42(f)(1)(D)(i), such a waiver will be found when the party seeking the change of judge has participated before that judge in "any scheduled contested matter in the case." The record clearly demonstrates, and the parties all agree, that the hearing on the state's petition was not a contested matter. Although counsel for petitioner did cross-examine the state's witness, petitioner concurred in the state's request that the minor remain hospitalized for seven days. "A 'contested matter' implies a disputed issue existing between parties." *Sarchett v. Superior Court*, 168 Ariz. 321, 323, 812 P.2d 1139, 1141 (App.1991). No dispute was litigated at the hearing before respondent; therefore, petitioner's participation did not result in a waiver of her right to a change of judge.

Because respondent's order is contrary to law and unsupported by the record, we vacate the order and remand with directions to honor the notice of change of judge.

HATHAWAY and DRUKE, JJ., concur.