901 P.2d 464

**In the Matter of the APPEAL IN MARICOPA COUNTY, JUVENILE ACTION NO. JV–510312.**

**No. 1 CA–JV 95–0032.**

Court of Appeals of Arizona,
Division 1, Department E.

Aug. 29, 1995.

---

Richard M. Romley, Maricopa County Atty. by Jeffrey W. Sandler, Deputy County Atty., Phoenix, for the State.

Holly A. Bartee, Tempe, for appellant.

## OPINION

NOYES, Judge.

The State charged Appellant with three acts of delinquency: theft of sports cards valued at $3,000 or more, trafficking in stolen property, and possessing a weapon. The juvenile admitted the weapons charge and the others were dismissed. At disposition, the court included the trafficking offense in its reasons for placing the juvenile on intensive, rather than standard, probation. On appeal, the juvenile argues that the court erred at disposition by considering a charge that had been dismissed. Finding no abuse of discretion by the juvenile court, we affirm.

## I

The delinquency complaint arose from an incident in which the juvenile and some others were arrested while trying to sell stolen property to a merchant. The juvenile claimed that he and his younger brother had come into possession of this property by trading a car stereo to some friends. The property was part of a $24,000 collection that had been stolen from the victim's car. The juvenile denied involvement in the theft, and he confessed to trafficking in stolen property and carrying a weapon. The probation officer's transfer report advises that:

> The juvenile made the following statement to police and/or probation officer: The juvenile was aware that the property he was attempting to sell at the store was stolen. The juvenile was also apprehended with a gun. He admitted that he almost always carried the gun to protect himself from 18th Street gang members.

118

At disposition, the State advised that it was not pursuing restitution from the juvenile because it had no evidence he was involved in the original theft or ever possessed more property than was recovered from him and returned to the victim.

The juvenile was a seventeen-year-old high school senior who had a part-time job, lived with both his parents, and had no prior referrals to juvenile court. The probation officer recommended standard probation. The court placed the juvenile on intensive probation, with the following conditions and explanation:

> ... I also have a concern in this case that this is trafficking in stolen property, a Class 2 felony, and the legislature considers that to be serious criminal activity. Also carrying a gun. Those two things—a group of juveniles together carrying a gun, trafficking in stolen property, all are serious crimes. And given your age, and that there is a probability you will do well, this is the only time I will have to impact you. I don't want you to walk away from this Court thinking that you deserve standard probation. It doesn't. Those crimes deserve intensive probation.

> I have concern any time a juvenile has a gun, someone will get hurt or shot. I will place you on intensive probation. I'll give you one month of deferred detention time. That means I could put you into detention for any reason whatsoever. As a condition of probation, I want you to participate and successfully complete the Arizona Keys program.

> I am going to impose 100 hours of community service. I want that completed by June 1st.... [Y]ou have done so well before and I don't have any reason to believe you won't do well. I want you to understand this kind of conduct is not tolerated. If you do these things as an adult, the consequences could be much more severe.

> And I don't think it's appropriate for you to minimize his criminal conduct.

The record does not identify "you" in the last sentence, but the court might have been looking at defense counsel, for she spoke next, stating: "We were prepared to go to trial because of theft. And I don't think that it's fair for you to sentence on a Class 2 felony when he was not ever found guilty of it." The court responded: "[Y]ou have the right to appeal from the orders of this Court to the Arizona Court of Appeals." The juvenile did so and we have jurisdiction. Ariz. Rev.Stat.Ann. ("A.R.S.") § 12–120.21(A)(1) (1992); Ariz.R.P.Juv.Ct. 24(a) (1988).

## II

After a juvenile has been adjudicated delinquent, the court has "broad power to make a proper disposition." *Maricopa County Juvenile Action No. J–72918–S,* 111 Ariz. 135, 137, 524 P.2d 1310, 1312 (1974). The purpose of disposition following an adjudication of delinquency is rehabilitation, not punishment. *Maricopa County Juvenile Action No. JV–500210,* 177 Ariz. 3, 5, 864 P.2d 560, 562 (App.1993). "The aim of the court is to provide individualized justice for children." *Application of Gault,* 99 Ariz. 181, 188, 407 P.2d 760, 765 (1965), *rev'd on other grounds,* 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). One of the alternatives available to the court is to "award a delinquent child ... [t]o a probation department, subject to such conditions as the court may impose." A.R.S. § 8–241(A)(2)(b) (Supp.1994).

The standard guiding our review of the juvenile court's disposition is abuse of discretion. *Maricopa County Juvenile Action No. JV–128676,* 177 Ariz. 352, 353, 868 P.2d 365, 366 (App.1994). The juvenile court has broad powers in exercising its discretion at disposition, but it has no authority to misapply the law or a legal principle. *Id.*

The statute regarding the juvenile court's powers at disposition is A.R.S. section 8–241(A) (Supp.1994), which provides that the court may enter judgment "[a]fter receiving and considering the evidence on the proper disposition of the case." We find no description of what "evidence" may be considered.[1]

1. A.R.S. section 8–241(D) (Supp.1994) specifies that in determining restitution or monetary assessment, "[t]he court shall [consider] the nature of the offense and the age, physical and mental condition and earning capacity of the child...."

Disposition of a juvenile following adjudication of a delinquent act is analogous in procedure to sentencing of an adult following conviction of a crime. Because of that similarity, we may look to sentencing law for guidance regarding evidence the court may consider at disposition. In appropriate cases, "the courts have drawn upon procedures followed in adult prosecutions and applied them to juvenile cases." *Maricopa County Juvenile Action No. JV–110720,* 156 Ariz. 430, 433, 752 P.2d 519, 522 (App.1988).

The principle has been settled at least since *Williams v. New York* that a sentencing court may consider reliable evidence of behavior that has not resulted in conviction. 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Williams was convicted of committing a murder during a burglary. One of the reasons he received the death penalty was that the presentence report stated he had committed about thirty other burglaries. *Id.* at 244, 69 S.Ct. at 1081–82. Williams "had not been convicted of these burglaries although the judge had information [from the presentence report] that he had confessed to some and had been identified as the perpetrator of some of the others." *Id.* Williams did not challenge the accuracy of this information, and the Supreme Court found no error in the trial court's consideration of it. *Id.* at 244–45, 69 S.Ct. at 1081–82.

More than twenty years ago this Court relied on both *Williams v. New York* and another Supreme Court case, *Williams v. Oklahoma,* for the proposition that "[t]he United States Supreme Court has squarely held that the sentencing court can, consistent with the Due Process Clause, 'consider responsible unsworn or 'out-of-court' information relative to the circumstances of the crime and to the convicted person's life and characteristics.'" *State v. Corral,* 21 Ariz. App. 520, 522, 521 P.2d 151, 153 (1974) (quoting *Williams v. Oklahoma,* 358 U.S. 576, 584, 79 S.Ct. 421, 426, 3 L.Ed.2d 516 (1959)).

The *Williams* cases and *Corral* are consistent with Arizona's current sentencing statutes and rules. Rule 26.7(b), Arizona Rules of Criminal Procedure (Supp.1994), provides, "[a]t the [presentence] hearing any party may introduce any reliable, relevant evidence, including hearsay, in order to show aggravating or mitigating circumstances...." Section 13–702(B) provides that the court may impose an aggravated or mitigated sentence

> only if the circumstances alleged to be in aggravation or mitigation of the crime are found to be true by the trial judge upon any evidence or information introduced or submitted to the court prior to sentencing or any evidence previously heard by the judge at the trial, and factual findings and reasons in support of such findings are set forth on the record at the time of sentencing.

A.R.S. § 13–702(B) (Supp.1994).

We hold that authorities describing evidence the court may consider regarding sentencing of adults also describe evidence the court may consider regarding disposition of juveniles. The ultimate objectives of sentencing and disposition are the same: a just result in light of reason, law, and all reliable evidence. We therefore hold that at disposition following adjudication of delinquency on one charge, the court may consider reliable evidence of behavior for which there has been no adjudication. It also should be kept in mind that every sentencing and disposition hearing "must be conducted consistent with basic concepts of fairness, justice, and impartiality." *State v. Hanley,* 108 Ariz. 144, 147–48, 493 P.2d 1201, 1204–05 (1972).

We conclude that the evidence cited by the court in explanation of its disposition was reliable, and that the hearing process was fair. We note that the court properly did not cite the juvenile for being involved in the original theft: the juvenile denied that charge and there was no evidence to support the charge. But the juvenile did confess to trafficking in stolen property and his confession was corroborated by witnesses and the circumstances surrounding his arrest.[2]

---

The court did not order any restitution or monetary assessment.

**2.** The trafficking seems a Class 3 rather than a Class 2 felony, but any error in citing the greater offense is harmless. The juvenile, while armed and with others, was trafficking in valuable prop-

Counsel regarded the conditions of probation as unfair punishment; the juvenile court regarded them as fair rehabilitative discipline. We find no abuse of juvenile court discretion: the court's explanation reflects a proper regard for the purposes of juvenile probation, and it demonstrates a relationship between those purposes and the conditions of probation that were imposed. "A condition of probation which does not violate basic fundamental rights and bears a relationship to the purpose of probation will not be disturbed on appeal." *Pima County Juvenile Action No. J–20705–3,* 133 Ariz. 296, 298, 650 P.2d 1278, 1280 (App.1982).

The disposition is affirmed.

KLEINSCHMIDT, P.J. and EHRLICH, J., concur.

---

erty he knew was stolen; this behavior qualifies as "serious criminal activity" whether it is a Class 2 or a Class 3 felony.