911 P.2d 619

**In re the Marriage of Clinton Charles TALIAFERRO, Petitioner–Appellant,**

**and**

**Robert A. Hirschfeld, Real Party in Interest, Non–Party Appellant,**

**v.**

**Johanna Antonia TALIAFERRO, Respondent–Appellee.**

No. 1 CA–CV 93–0547.

Court of Appeals of Arizona, Division 1, Department A.

Oct. 17, 1995.

Review Granted Feb. 21, 1996.*

---

\* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Robert A. Hirschfeld, Phoenix, for Petitioner–Appellant and In Pro. Per.

Martin D. LaPrade, Phoenix, for Respondent–Appellee.

Cheifetz, Cochran & Mathew, P.C. by Walter Cheifetz, Phoenix, for amicus curiae Arizona Civil Liberties Union.

## OPINION

CONTRERAS, Judge.

Appellant raises several issues in this appeal from the trial court's final decree of dissolution. Attorney Robert Hirschfeld also appeals from the trial court's order sanctioning him $20,000 for violation of various disclo-

sure rules. However, the threshold issue in this appeal is whether the trial court erred in failing to honor appellant's notice of change of judge. We find that the court did err, and thus we reverse.

## FACTS AND PROCEDURAL HISTORY

In June 1992, appellant Clinton Taliaferro (husband) filed a petition for dissolution of marriage from appellee Johanna Taliaferro (wife). On January 27, 1993, husband, then proceeding *pro per*, obtained an order of protection against wife from Judge William Topf, the judge assigned to the case at that time.[1] Wife subsequently filed a notice of change of judge, *see* Rule 42(f), Arizona Rules of Civil Procedure, and the case was assigned to Judge Alfred J. Rogers. Wife then requested a hearing to respond to the January 27th order of protection,[2] and the matter was set for hearing on February 12, 1993, before Judge Rogers.

No court reporter was present at the February 12th hearing, but the court's minute entry reflects that husband was neither present nor represented by counsel. Specifically, the court noted in its minute entry that husband "showed up and then left before the hearing commenced." Without noting whether the court heard argument from wife, the court ordered the January 27th order of protection issued against wife be quashed.

On February 24, 1993, attorney Robert Hirschfeld filed a notice of appearance of counsel and a notice of change of judge on behalf of husband. In his notice of change of judge, husband requested reassignment of the case pursuant to Rule 42(f), asserting that Judge Rogers "has not heard any proceeding in which [husband] has participated in this matter." Judge Rogers denied husband's notice on February 25th "for the reason that a scheduled, contested hearing has taken place before this Court."

After a lengthy trial before Judge Rogers, the court entered a decree ordering the mar-

riage between the parties dissolved. The court also made various orders regarding custody of the parties' minor child, child support, spousal maintenance, and visitation. The court also entered an order sanctioning attorney Hirschfeld $20,000 for failing to disclose that husband had taken an overdose of prescription medication in May 1993 in what the court found to be a suicide attempt. Both husband and Hirschfeld appealed.

## DISCUSSION

Husband argues that his February 24th notice of change of judge was timely and was not waived; therefore, he argues, Judge Rogers was without jurisdiction to proceed and *every* ruling and order by Judge Rogers after February 24th should be "reversed and declared void."

■ Rule 42(f)(1) provides that each side in an action is entitled as a matter of right to one change of judge, if the notice of change of judge is filed within the time constraints set forth in subsection (C).[3] Rule 42(f)(1)(D) provides, in part:

> (D) Waiver. A party waives the right to change of judge as a matter of right when, after a judge is assigned to preside at trial or is otherwise permanently assigned to the action, the party agrees to the assignment *or participates before that judge* in:
>
> (i) Any scheduled contested matter in the case....

(Emphasis added.) Because the parties did not agree to the assignment, there are two elements to the determination of waiver under subsection (D)(i): whether husband (1) participated before the noticed judge (2) in a scheduled contested matter.

■ In denying husband's Rule 42(f) notice of change of judge in this case, Judge Rogers found that he had heard a "scheduled contested matter"—the February 12th hearing requested by wife to respond to the order of protection issued against her. *See gener-*

---

1. *See generally* Ariz.Rev.Stat.Ann. (A.R.S.) § 13–3602 (orders of protection).

2. A.R.S. section 13–3602(H) provides: "At any time during the period during which the order is in effect, a party under an order of protection ...

is entitled to one hearing on written request.... After the hearing, the court may modify, revoke or continue the order."

3. There is no issue in this case regarding the timeliness of husband's notice.

*ally Sarchett v. Superior Court,* 168 Ariz. 321, 812 P.2d 1139 (App.1991) (order to show cause hearing was not "contested matter" because parties entered into stipulation); *Lewis v. Kelliher,* 171 Ariz. 228, 829 P.2d 1274 (App.1992) (no "contested matter" because no dispute litigated at hearing). Judge Rogers did not, however, make any finding with regard to whether husband "participated" in that hearing. We find that husband did not.

According to the court's own minute entry, husband was neither present nor represented by counsel at the February 12th hearing. In addition, the court's minute entry reflects that husband "showed up and then left before the hearing commenced." In so doing, husband essentially waived his right to participate at the hearing on February 12th—the very antithesis of participation itself. In our opinion, it would all but eliminate the participation element from Rule 42(f)(1)(D) if we were to construe husband's "non-appearance" to be "participation" at that hearing.

■■■■ Wife contends that husband cannot now raise this issue for the first time on appeal. We disagree. Although a number of notice of change of judge issues come to this court by way of special action, *see* Rules 1 and 3, Arizona Rules of Procedure for Special Actions, and although that might be the expedient method by which to raise the issue before this court in most cases, we have never held that Rule 42(f) issues *cannot* be raised on direct appeal from the final judgment. *Cf. Tash v. Saunders,* 153 Ariz. 322, 325, 736 P.2d 805, 808 (App.1987) (no error found in judge's refusal to honor notice of change of judge; issue raised on appeal). When a proper notice of change of judge is timely filed, the noticed judge *"has no jurisdiction* to do more than order the cause transferred to another judge." *Huck v. Haralambie,* 122 Ariz. 63, 64, 593 P.2d 286,

287 (1979) (emphasis added); *Hordyk v. Farley,* 94 Ariz. 189, 382 P.2d 668 (1963); *Murray v. Thomas,* 80 Ariz. 378, 298 P.2d 795 (1956); *see also* Rule 42(f)(3) (noticed judge "shall proceed no further in the action"). Thus, we conclude that this issue was properly raised on appeal. *See Matter of Maricopa County Juvenile Action No. JD–05401,* 173 Ariz. 634, 640, 845 P.2d 1129, 1135 (App.1993) (lack of subject matter jurisdiction may be raised for the first time on appeal).[4]

■■■■ Finally, husband does request this court to affirm the grant of the dissolution of marriage pursuant to A.R.S. section 25–325(A), which provides, in part:

A decree of dissolution of marriage … is final when entered, subject to the right of appeal. An appeal from the decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision of the decree which dissolves the marriage beyond the time for appealing from that provision, and either of the parties may remarry pending appeal.

Although we are not unmindful of the possible ramifications of our decision, we simply are unable under current law to affirm the decree in this case. We believe that section 25–325(A) allows a decree to stand, presuming no issues are raised on appeal with regard to the breakdown of the marriage, only when that decree was entered by a court having jurisdiction to do so in the first instance. In this case, if the trial court lacked jurisdiction to proceed once the notice of change of judge was filed, it lacked jurisdiction to enter *any* orders, including the decree itself. We cannot affirm one aspect of the decree simply because the parties request us to do so.[5] *See Swichtenberg v. Brimer,* 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App.1991); *Dassinger v. Oden,* 124 Ariz. 551, 553, 606

---

4. In this regard, wife argues that the doctrine of laches applies in this case. Laches does restrict the time within which a party can file a special action. *State ex rel. Neely v. Rodriguez,* 165 Ariz. 74, 77, 796 P.2d 876, 879 (1990). However, laches cannot confer subject matter jurisdiction in a case where there is none.

5. It is possible, for example, that either or both husband and wife have since remarried, or that

one or both of them have had subsequent children. We note that a decree of dissolution *nunc pro tunc* may provide an avenue of relief, should the parties choose to pursue this upon remand. *See* Rule 58(a), Arizona Rules of Civil Procedure; *DeForest v. DeForest,* 143 Ariz. 627, 694 P.2d 1241 (App.1985); *Estate of Hash v. Henderson,* 109 Ariz. 174, 507 P.2d 99 (1973).

P.2d 41, 43 (App.1979) (party cannot waive requirement that court must have subject matter jurisdiction).

## CONCLUSION

■ We conclude that husband did not waive his right to a change of judge under Rule 42(f). Therefore, we remand to the trial court with directions to honor husband's notice of change of judge. Because Judge Rogers had no jurisdiction to proceed after husband's notice was filed, we vacate all rulings and orders made by him after February 24, 1993, including the decree of dissolution of marriage between husband and wife, and the $20,000 order of sanctions against attorney Hirschfeld.[6]

NOYES, P.J., and GERBER, J., concur.

---

**6.** Husband requests sanctions on appeal against wife for her violation of the trial court's order sealing certain medical records of husband. Initially, we agree that wife violated the court's order. However, we note that these records are discussed in great detail at several points in the record, including the August 5, 1993 hearing on wife's motion for sanctions. Consequently, we find any violation of the court's order by wife to be harmless, and we decline to issue any sanctions against her on this basis.

* Feldman, C.J., and Zlaket, Vice C.J., of the Supreme Court, voted to grant the petition for review. Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.