943 P.2d 875

**JUVENILE IN MOHAVE COUNTY JUVENILE COURT CAUSE NO. J–96–560, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MOHAVE, the Honorable James E. Chavez, a judge thereof, Respondent Judge,**

**William J. EKSTROM, Jr., Mohave County Attorney, Real Party in Interest.**

No. 1 CA–SA 96–0315.

Court of Appeals of Arizona, Division 1, Department C.

June 12, 1997.

Review Denied Sept. 16, 1997.

**516**

William J. Ekstrom, Mohave County Attorney by Ronald S. Gilleo, Deputy Mohave County Attorney, Kingman, for Real Party in Interest.

Gerald Gavin, Mohave County Legal Defender by Bob Baird–Levine, Deputy Legal Defender, Kingman, for Petitioner.

## OPINION

THOMPSON, Presiding Judge.

The juvenile seeks special action relief from the denial of his request for a peremptory change of judge. He claims that the judge misconstrued the juvenile rule relating to a peremptory change of judge and erred in concluding that the right to such a change

had been waived. We accept jurisdiction and deny relief.

In 1993, the state petitioned to have the juvenile adjudicated delinquent in Mohave County Cause No. 93–J–105. The state and the juvenile entered into a plea agreement and the juvenile admitted the allegations of delinquency. The juvenile judge, James E. Chavez, accepted the plea and, consistent with the agreement, placed the juvenile on intensive probation.

In July 1996, a petition to revoke probation was filed. The juvenile admitted the probation violations as alleged, and entered into a disposition agreement with the state. Again, Judge Chavez accepted the agreement and reinstated the juvenile on intensive probation.

■ Later in 1996, another petition to revoke probation was filed. The juvenile attended an advisory hearing on October 17, 1996 before Judge Chavez. At this hearing, the juvenile was notified that the state had filed a new petition to adjudicate him delinquent in Mohave County Cause No. J–96–560. The allegations of both petitions were read to the juvenile, and he was advised of his rights. Thereafter, on October 22, 1996, the juvenile appeared before Judge Chavez for an adjudicatory hearing on both petitions and was granted a continuance. Later that same day, the juvenile filed a "Notice of Change of Judge" in J–96–560, pursuant to Juv. Ct. R. 20.1(c) (Rule 20.1(c)). Following oral argument on the issue, Judge Chavez denied the juvenile's request for a change of judge. This special action followed. Judge Chavez then severed the petition for delinquency from the petition to revoke probation and stayed further proceedings on the petition for delinquency. This is an appropriate case for the exercise of special action jurisdiction. See JV–132324 v. Superior Court, 181 Ariz. 337, 890 P.2d 632 (App.1995) (denial of peremptory change of judge impacts important procedural right and is not otherwise appealable).

■ Rule 20.1(c) provides that any party is entitled to a change of judge upon timely request and further specifies:

4. *Waiver.*

. . . .

(ii) A party loses the right to a change of judge upon request when the party participates before that judge in any contested matter or hearing. Such waiver shall apply to all successive petitions or supplemental petitions filed with respect to the same juvenile. . . .

Judge Chavez denied the request because he interpreted the rule to mean that a waiver results from participation in any hearing, contested or uncontested. He believed that the word "contested" applied only to "matter" and not to "hearing." Since the juvenile had participated in adjudication, disposition and revocation hearings in connection with the original delinquency petition, the judge concluded that the right to a change of judge had been waived.

The word "contested," in the context of the rule, can arguably be read to modify either "matter" alone, or "matter or hearing" together. We must therefore construe it. *See State ex rel. Corbin v. Marshall,* 161 Ariz. 429, 778 P.2d 1325 (App.1989). To do so, we look to the rule's "context, language, effects and consequences, spirit and purpose." *Devenir Assoc. v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991).

The context and structure of the language suggest that a waiver occurs when one participates either in a matter that is contested or a hearing that is contested. If the Arizona Supreme Court had intended that a waiver result from participation in all hearings, contested or uncontested, it could easily have worded the phrase as "any hearing or contested matter."

The state argues that the juvenile took part in both adjudication and disposition hearings in connection with the first delinquency petition filed against him, and that it is the intent of the rule that once this has occurred the juvenile cannot obtain a change of judge in a new petition. That is indisputably true if either the adjudications or the dispositions were contested, but is it true where the matters were disposed of on stipulation?

To resolve that question, we look first to the factors that militate in favor of the conclusion that the proceedings in which the juvenile participated were not contested. The juvenile cites case law interpreting a predecessor to Rule 20.1, namely, Ariz. R. Civ. P. 42(f). *See, e.g., Lewis v. Kelliher,* 171 Ariz. 228, 829 P.2d 1274 (App.1992); *Sarchett v. Superior Court,* 168 Ariz. 321, 812 P.2d 1139 (App.1991). In those cases, we held that various civil hearings were not contested because the parties entered into stipulations on all issues presented and thus no dispute existed between them. *Id.* The juvenile claims that this definition of contested is controlling here because nothing was disputed between the juvenile and the state in the hearings before Judge Chavez. In essence, the juvenile argues that there was no reason to exercise the peremptory right to a change of judge because there was no dispute to be decided by Judge Chavez.

The cases cited by the juvenile do not control, however, because they fail to account for the inherent discretion that a juvenile judge has in determining the disposition of a delinquent. Judge Chavez had " 'broad power to make a proper disposition' " of the petitions. *In Matter of Maricopa County Juvenile Action No. JV–510312,* 183 Ariz. 116, 118, 901 P.2d 464, 466 (App.1995) (quoting *Maricopa County Juvenile Action No. J–72918–S,* 111 Ariz. 135, 137, 524 P.2d 1310, 1312 (1974)). The judge was certainly bound to consider the stipulations in determining the appropriate disposition of the juvenile, but the judge was not required to accept the stipulations, and his discretion was not limited by their submission. A disposition hearing, even where the parties have stipulated to the outcome, is never merely ministerial. *See State v. Holstun,* 139 Ariz. 196, 197, 677 P.2d 1304, 1305 (App.1983). Thus, while there may have been no dispute between the parties, the discretion afforded to the judge at the disposition hearings puts those hearings within the spirit of the rule precluding a change of judge. Once Judge Chavez exercised his discretion in the first delinquency proceeding by accepting a stipulation at the all-important disposition hearing, the parties had reason to know how he felt about the juvenile and the merits of the case. *See Flagel v. Southwest Clinical Physiatrists,* 157 Ariz. 196, 755 P.2d 1184 (App.1988) (interpreting Rule 42(f) and holding that once the party has reason to know how a judge

feels about the merits, any right to a peremptory change of judge is lost).

Under Rule 20.1, the waiver in the first delinquency proceeding applies to "all successive petitions or supplemental petitions" filed against the same juvenile. The juvenile's request for a change of judge in the second delinquency proceeding was properly denied. Our conclusion is consistent with the rehabilitative purpose of juvenile proceedings because juveniles will have the benefit of continuity in appearing before the same judge once an initial disposition has been made.

This decision is limited to the determination that disposition hearings are contested hearings. We make no such determination regarding adjudication hearings.

GRANT, J., concurs.

KLEINSCHMIDT, Judge, dissenting.

I would grant relief. I agree that the word "contested" applies to both "matter" and "hearing" as those terms are used in the rule. I do not agree that the disposition hearing was contested.

A hearing is contested if there is a disputed issue between the parties which the judge must resolve. *Lewis v. Kelliher,* 171 Ariz. 228, 829 P.2d 1274 (App.1992) (quoting *Sarchett v. Superior Court,* 168 Ariz. 321, 323, 812 P.2d 1139, 1141 (App.1991)). By definition, no dispute exists between parties who have entered into stipulations on each issue to be decided. *See Wolf Corp. v. Louis,* 11 Ariz.App. 352, 355, 464 P.2d 672, 675 (1970) ("A stipulation is a judicial admission constituting an abandonment of any contention to the contrary.").

The majority stresses the fact that a disposition hearing is never ministerial and concludes that the importance of the judge's discretion converts a stipulated disposition hearing into a contested one. But a judge's rulings, even upon stipulated matters, are rarely ministerial. To say that the existence

of discretion makes a matter contested is to write Rule 20.1 out of existence.

The practical point of the waiver rule favors the Juvenile's position. A juvenile may be perfectly willing to proceed before a particular judge when the juvenile has the state on his side. To be before that same judge when the juvenile wants the judge to consider matters that are in dispute is another matter altogether. Under these circumstances, the rule contemplates that juveniles have one chance to influence who will hear the dispute. Because no disputes were litigated in the hearings before Judge Chavez in 93–J–105, I think those hearings were uncontested and that the Juvenile did not waive his right to a peremptory change of judge in J–96–560.