945 P.2d 391

**Darin WILLIAMS, a single man, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable William J. Schafer, III, a judge thereof, Respondent Judge,**

**GRAHAM ENTERPRISES, INC., an Arizona corporation, dba Graham Central Station, and Professional Event Services Corporation, an Arizona corporation, Real Parties in Interest.**

No. 1 CA–SA 97–0253.

Court of Appeals of Arizona, Division 1, Department E.

Sept. 25, 1997.

Tiffany & Bosco, P.A. by William J. Simon, Phoenix, for Petitioner.

Plattner Verdarame, P.C. by Randall A. Hinsch, Phoenix, for Real Party in Interest Graham Enterprises, Inc.

Holloway Odegard & Sweeney, P.C. by Kevin B. Sweeney, Phoenix, for Real Party in Interest Professional Event Services Corp.

## OPINION

FIDEL, Presiding Judge.

A recent amendment to Rule 42(f), Arizona Rules of Civil Procedure, provides that a party waives the right to file an otherwise timely Notice of Change of Judge if, after receiving notice of a pending ruling on a contested issue, the party neglects to file the Notice of Change of Judge before the judge has ruled. Ariz. R. Civ. P. 42(f)(1)(D). In this special action, which challenges the trial court's refusal to honor a Notice of Change of Judge, we consider whether such a waiver occurred. We find that there was no waiver because the parties had no notice of a pending ruling. We hold that a trial judge may not preempt a party's opportunity to file an otherwise timely Notice of Change of Judge by (1) vacating a scheduled oral argument on a pending motion and (2) ruling on the motion without argument and without providing notice of the intent to do so.

---

1. Rule 42(f)(1)(C) provides in pertinent part, "Whenever an assignment is made which identifies the judge for the first time or which changes the judge within sixty (60) days of the date set for trial, a notice shall be timely filed as to the newly assigned judge if filed *within ten (10) days after such new assignment.*" (emphasis added).

## PROCEDURAL HISTORY

Two Notices of Change of Judge are pertinent. The first was filed against the Honorable Crane McClennen by one of the real parties in interest and resulted in a transfer to the Honorable William J. Schafer, III. The second was filed by Petitioner against Judge Schafer and gives rise to this special action.

While Judge McClennen still presided over this case, Petitioner filed a motion in limine, responding memoranda were filed, and the motion was set for oral argument. Before the scheduled argument, however, one of the responding parties filed the first Notice of Change of Judge. In a minute entry order filed on July 10, 1997, the Presiding Civil Judge reassigned the case to Judge Schafer, adding, "IT IS ORDERED affirming oral argument on [Petitioner's] motion in limine set for **August 6, 1997 at 8:30 a.m.**"

Upon the new assignment, Petitioner, who had not previously exercised the right to request a peremptory change of judge, had ten days in which to invoke that right against Judge Schafer.[1] Oral argument on the pending motion in limine had been set well beyond this ten-day period, and no other issues awaited the court's decision.

On July 14, 1997, however, without awaiting the scheduled argument, Judge Schafer denied the motion in limine. In an explanatory minute entry filed on July 15, 1997, he stated that he had denied oral argument and resolved the motion because he did not find oral argument necessary.

Also on July 15, Petitioner filed a Notice of Change of Judge. Judge Schafer rejected this Notice as "invalid" and denied Petitioner's subsequent motion for relief or reconsideration. Although Judge Schafer did not explain these rulings, the only arguable ground for invalidating Petitioner's Notice of Change of Judge was pursuant to Rule 42(f)(1)(D), which establishes a waiver when,

"after notice to the parties ... the judge rules on any contested issue."[2] The Petitioner argues by special action that, because he received no notice that Judge Schafer would rule on the contested motion in limine before August 6, the ruling did not precipitate a waiver pursuant to Rule 42(f)(1)(D). The real parties in interest have not responded to this special action, though they were given the chance to do so.[3]

We take jurisdiction because (1) we find plain error; (2) a special action provides the only means to seek relief from an erroneous denial of a Notice of Change of Judge, *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223–24, 921 P.2d 21, 23–24 (1996); and (3) this special action presents a question of first impression concerning the recently amended waiver provisions of Rule 42(f).

## WAIVER

■ This case was assigned to Judge Schafer on July 10, a Thursday. Three judicial days later, on Tuesday, July 15, Petitioner filed a Notice of Change of Judge.[4] As Petitioner had not previously invoked his right to change of judge, and as his Notice fell within the ten-day period allotted for securing a change of a "newly assigned judge," the Notice should have been honored unless, pursuant to Rule 42(f)(1)(D), a waiver had set in.

■ The waiver provisions of Rule 42(f) are intended to prohibit a party from peremptorily challenging a judge after discovering the judge's viewpoint on any significant aspect of the case. *See Taliaferro*, 186 Ariz. at 222, 921 P.2d at 22 ("The purpose of the waiver rule is to prevent parties from testing the waters and then filing a [N]otice."). In recent years, the rule has been twice amended to advance that end. At one time, the rule provided for waiver when a party "participates before [the] judge in ... [a]ny judicial proceeding which concerns the merits of the case and involves the consideration of evidence or of affidavits." Rule 42(f)(1)(D)(i) (amended 1990). This provision permitted substantial testing of the waters, however, as it permitted a Notice against a judge who had resolved contested issues of discovery, established deadlines, denied continuances, or otherwise issued unwelcome rulings not involving the merits of the case. Accordingly, the rule was expanded to establish a waiver when a party "participates before [the] judge in ... [a]ny scheduled contested matter in the case." Rule 42(f)(1)(D)(i) (amended 1996).

Although the 1990 amendment significantly broadened the circumstances that support a waiver, a remaining loophole was exposed in *Taliaferro*. There a party deliberately absented himself from a scheduled hearing in an effort to preserve the right to file a peremptory Notice if the judge ruled against him. *Taliaferro*, 186 Ariz. at 222, 921 P.2d at 22. The party then argued that he had not waived his right to change the judge because he had not *participated* in the proceeding. *Id.* Resolving *Taliaferro* on other grounds, our supreme court did not determine the validity of that argument. To foreclose such a stratagem in the future, however, the State Bar of Arizona petitioned the supreme court to amend the rule to eliminate the element of participation and substitute the element of notice. *See* Petition to Amend Rule 42(f),

**2.** The rule provides:
> (D) Waiver. After a judge is assigned to preside at trial or is otherwise permanently assigned to the action, a party waives the right to change of that judge as a matter of right when:
> (i) the party agrees to the assignment; or
> *(ii) after notice to the parties*
> *(aa) the judge rules on any contested issue;* or
> (bb) the judge grants or denies a motion to dispose of one or more claims or defenses in action; or
> (cc) the judge holds a scheduled conference or contested hearing; or
> (dd) trial commences.

Such waiver is to apply only to such assigned judge.
Rule 42(f)(1)(D) (emphasis added).

**3.** Real Party in Interest Graham Enterprises, Inc., did argue in a memorandum to the trial court that Judge Schafer's ruling on the motion in limine constituted a waiver of Petitioner's right to file a Notice of Change of Judge. Petitioner has appropriately included a copy of that memorandum in the Appendix to his Petition.

**4.** In calculating the ten-day notice period pursuant to Rule 42(f)(1)(C), intervening Saturdays and Sundays are excluded. *See* Rule 6(a).

Arizona Rules of Civil Procedure, R–96–0009 (May 31, 1996). The court, acting upon the petition, adopted the rule in its present form, which provides for waiver when, "after notice to the parties ... the judge rules on any contested issue." Rule 42(f)(1)(D).

The central device of the 1996 amendment was to substitute notice for participation. That feature is dispositive in this case. It is not significant that Petitioner did not participate in a hearing on the motion in limine; it is significant that Petitioner lacked notice that the trial court would rule on the motion before the argument that had been scheduled for August 6. A newly assigned judge is susceptible under Rule 42 to a Notice of Change of Judge for ten days after the assignment. Rule 42(f)(1)(C). Within that period of susceptibility, the judge may not insulate himself from such a Notice by issuing an accelerated ruling, without prior notice to the parties, on a matter that the parties had been told would not be reached until after the ten-day period had expired. Just as the waiver provisions of subsection D are intended to prevent a party from testing the waters before invoking the right to change the judge, the notice prerequisite to waiver is intended to prevent the judge—wittingly or unwittingly—from prematurely foreclosing the right to change of judge. To disregard the necessity of notice would undermine the essence of Rule 42—the entitle-ment of each party to one change of judge "as a matter of right."

## CONCLUSION

Judge Schafer inappropriately advanced Petitioner's motion in limine for disposition without argument or prior notice during the ten days following his assignment to the case. The Petitioner, lacking notice that the motion would be accelerated for disposition, did not waive his right to file a Notice of Change of Judge. Upon the filing of Petitioner's timely Notice, Judge Schafer was obliged to "proceed no further in the action except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury, loss or damage from occurring before the action can be transferred to another judge." Rule 42(f)(3)(A).

We remand with instructions to honor Petitioner's Notice of Change of Judge. Any rulings by Judge Schafer in this matter, including his ruling upon Petitioner's motion in limine, are vacated.

GERBER and THOMPSON, JJ., concur.