950 P.2d 593

In the Matter of ADRIAN S., Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF NAVAJO, the Honorable Thomas L. Wing, a judge thereof, Respondent Judge,

STATE of Arizona, Real Party in Interest.

No. 1 CA–SA 97–0335.

Court of Appeals of Arizona, Division 1, Department A.

Dec. 23, 1997.

Myrna J. Parker, Navajo County Public Defender by Cindy L. Wagner, Deputy Public Defender, Holbrook, for Petitioner.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Phoenix, for Real Party in Interest.

## OPINION

FIDEL, Judge.

We accept jurisdiction of this special action to determine whether the trial court erred when it denied Petitioner's Notice of Change of Judge. We do so because "a special action provides the only means to seek relief from an erroneous denial of a Notice of Change of Judge." *See Williams v. Superior Court,* 190 Ariz. 80, 82, 945 P.2d 391, 393 (App.1997). For reasons that follow, we grant relief.

## HISTORY

The State named Petitioner, a juvenile, in a delinquency petition alleging truancy from school, and the court appointed the Navajo County Public Defender's Office to represent him. On July 9, 1997, the date set for a contested adjudicatory hearing, the court granted a continuance upon the juvenile's motion with the State's consent. The purpose of the continuance was to permit coun-

sel for the juvenile to review certain medical records she had just received, obtain proper releases, and make them available to the State. The State represented that, upon review of the records, "the state may be able to move to dismiss this case." Upon the State's later motion, the juvenile court did dismiss the initial delinquency petition without prejudice.

On September 4, 1997, the State named Petitioner in another delinquency petition alleging third degree burglary and theft. This petition was assigned the same case number and trial judge as the one previously dismissed. The Navajo County Public Defender's Office was again appointed to represent Petitioner and five days later, on October 8, 1997, filed a Notice of Change of Judge. The juvenile court rejected the Notice as untimely, and ruled further that the juvenile had waived his right to a change of judge by participating before the court in a contested hearing in the previous matter on July 9. Petitioner filed a motion to reconsider, which the trial court denied, reasoning that the "waiver provision[ ] of Rule 20[.1](c)(4)(ii), Rules of Procedure—Juvenile, 17B A.R.S., is controlling."

The juvenile court stayed proceedings to permit this special action. The State has been served but has not responded. Nor did the State attack the validity of the juvenile's Notice in the juvenile court.

We consider whether the juvenile's Notice was either untimely or waived. To resolve these issues, we interpret Rule 20.1, Rules of Procedure—Juvenile, which provides in pertinent part:

c. Change of Judge Upon Request

(1) *Entitlement.* In any juvenile case, any party shall be entitled to request a change of judge.

. . . .

(3) *Time for Filing.* A notice of change of judge shall be filed, or informal request made, within 5 days after actual notice to the requesting party of the assignment of the case to a judge.

. . . .

(4) *Waiver.*

(i) A party loses the right to change of judge for cause when the party allows a proceeding to commence or continue without objection after learning of the cause for challenge.

(ii) A party loses the right to a change of judge upon request when the party participates before that judge in any contested matter or hearing. Such waiver shall apply to all successive petitions or supplemental petitions filed with respect to the same juvenile ... and to all proceedings after remand by an appellate court.

(iii) Renewal. When an action is remanded by an appellate court for a new hearing or proceeding, all rights to change of judge are renewed except as provided in Rule 20.1(c)(4)(ii).

## TIMELINESS

■ The trial court initially denied the juvenile's Notice on the dual grounds of untimeliness and waiver. In denying the juvenile's motion for reconsideration, however, the trial court rested on the single ground of waiver under Rule 20.1(c)(4)(ii). We hold that the juvenile timely filed his Notice. Although his counsel did not attempt to file a Notice on the initial petition within the period provided by Rule 20.1(c)(3), the initial petition was dismissed. When the current petition was filed and counsel was reappointed, counsel filed a Notice within the time allotted by the Rule.

Under Rule 20.1(c)(4), had the juvenile participated in a contested matter or hearing on the first petition, his participation would have constituted a waiver of the right to file a Notice in "all successive petitions" before the same judge. There is no comparable provision, however, in Rule 20.1(c)(3); thus, absent participation in a contested matter or hearing, the failure to file a timely notice on an initial (and later dismissed) petition does not preclude a timely notice when, as here, a successive petition has been filed.

## WAIVER

■ We turn to the question whether Petitioner triggered a waiver under Rule 20.1(c)(4) by "participating in any contested

matter or hearing" on the first petition. *See* Ariz. Juv. Ct. R.P. 20.1(c)(4)(ii). Specifically, we consider whether the hearing before Judge Wing on July 9, 1997, constituted a "contested matter or hearing" within the meaning of the rule. We hold that it did not.

■ The waiver provisions of Rule 20.1(c)(4)(ii) prevent a party from exercising a peremptory change of judge after the party "has reason to know how [the judge feels] about the juvenile and the merits of the case." *Mohave County Juvenile No. J–96–560 v. Superior Court,* 189 Ariz. 515, 517–18, 943 P.2d 875, 877–78 (App.1997) (citing *Flagel v. Southwest Clinical Physiatrists,* 157 Ariz. 196, 199, 755 P.2d 1184, 1187 (App. 1988)); *cf. Williams,* 190 Ariz. at 82, 945 P.2d at 393 ("The waiver provisions of Rule 42(f)[, Arizona Rules of Civil Procedure,] are intended to prohibit a party from peremptorily challenging a judge after discovering the judge's viewpoint on any significant aspect of the case."). Because even a stipulated submission to a juvenile court may invoke a discretionary ruling that reveals the judge's viewpoint on a significant aspect of the case, an issue submitted upon stipulation may nonetheless constitute a contested hearing for the purpose of Rule 20.1(c)(4)(ii). *Mohave County Juvenile No. J–96–560,* 189 Ariz. at 517, 943 P.2d at 877 (waiver attaches at a juvenile disposition hearing, even if the disposition is submitted upon stipulation, because the broad dispositional powers of a juvenile judge are not limited by the parties' submission).

At the hearing of July 9, 1997, however, nothing was contested; to the contrary, in acceding to a continuance to permit disclosure, the State suggested that the continuance might permit an uncontested dismissal. Nor was any matter submitted that evoked disclosure of the judge's viewpoint concerning the juvenile or the case. There was accordingly no waiver under Rule 20.1(c)(4).

For these reasons, we conclude that the trial court erred when it denied Petitioner's Notice of Change of Judge. We therefore accept review and remand with instructions to honor Petitioner's Notice.

WEISBERG, P.J., and McGREGOR, J., concur.