708 P.2d 1344

**In the Matter of the Appeal In MARI-COPA COUNTY JUVENILE ACTION NO. J–96304.**

**No. 1 CA–JUV 299.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 5, 1985.

Tom Collins, Maricopa Co. Att. by Laura J. Houseworth, Deputy Co. Att., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Robert C. Billar, Deputy Public Defender, Phoenix, for appellant.

## OPINION

GRANT, Judge.

On February 20, 1985, the juvenile was charged with Count I, burglary in the first degree, and Count II, theft. Pursuant to a written plea agreement the juvenile entered a plea of guilty to Count I, burglary on April 9, 1985. In exchange for the plea, the state agreed to dismiss Count II, theft. It was further agreed that, if appropriate, the juvenile court could order restitution. At the conclusion of a disposition hearing the juvenile was committed to the State Department of Corrections, and was required to pay restitution in the amount of $13,687.

The juvenile appeals challenging the order of restitution. The juvenile maintains that (1) the juvenile court erred by failing to ascertain the juvenile's ability to pay $13,687 and (2) the juvenile court improperly included as part of restitution, $12,000 for unearned commissions by the victim.

■ The juvenile relies on this court's decision in *State v. Hawkins*, 134 Ariz. 403, 656 P.2d 1264 (App.1982), to support his first contention that the juvenile court failed to consider the restitution criteria provided for in A.R.S. § 8–241(C). That statute reads in part as follows:

C. The court shall, after considering the nature of the offense and the age, physical and mental condition and earning capacity of the child, order the following dispositions for a delinquent child....:

1. To make full or partial restitution to the victim of the offense for which the child was adjudicated delinquent ...

We find that the focus of the juvenile restitution statute pertains to a juvenile's financial ability to make restitution. We agree with the juvenile, therefore, that *Hawkins* determines the propriety of a restitution order under A.R.S. § 8–241(C). Accordingly, we find the juvenile court's order of restitution improper.

■ In *State v. Hawkins*, 134 Ariz. at 406, 656 P.2d at 1267 we held that the adult restitution provision, A.R.S. § 13–603(C),[1] compels evaluation of a defendant's economic posture. In *Hawkins* we also indicated that whenever a judge does not make specific findings regarding an individual's ability to pay restitution, the record must show that the amount ordered was a "proper discretionary choice." *Id.* at 406, 656 P.2d at 1267 (quoting *State v. Pope*, 107 Wis.2d 726, 732, 321 N.W.2d 359, 362 (1982)). Factors bearing upon the propriety of a restitution order include a defendant's income, assets, and employment history. 234 Ariz. at 406, 656 P.2d at 1267.

The state contends that the juvenile court in the case before us made a sufficient inquiry into the juvenile's economic circumstances by considering a psychoeducational report and a dispositional summary prepared by the juvenile's probation officer. We disagree. The psychoeducational report indicated that the juvenile was nearly sixteen, in good health, and with an average I.Q. The probation officer's report, moreover, stated that the juvenile had been making $125 per week prior to commitment. These facts, however, cannot support a conclusion that the juvenile could pay a restitution amount of $13,687 before his eighteenth birthday. Even assuming that the juvenile will, upon his commitment to the State Department of Corrections, participate in a work program, there is no indication of how much he would make in

1. A.R.S. § 13–603(C) provides: If the court imposes probation it ... shall require the convicted person to make restitution to the victim of the crime on such amount and manner as the court may order, after consideration of the economic loss to the victim and economic circumstances of the convicted person.

such a program.[2]  On the basis of the record before us, the restitution order is unreasonable.

The primary focus of juvenile dispositions is on rehabilitation. *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–92130*, 139 Ariz. 170, 677 P.2d 943 (Ariz.App.1984).  Requiring a juvenile to pay restitution in an amount beyond his means only serves to defeat this salutary purpose.  We find that the juvenile court failed to consider the juvenile's ability to pay restitution as demanded by A.R.S. § 8–241(C).

■ The juvenile next argues that the juvenile court erred by ordering, as part of the restitution, payment of $12,000 for real estate commissions.  We agree.

Prior to the disposition hearing the victim submitted two verified victim statements.  In the first one restitution was requested in the amount of $14,600.  This amount included $12,000 for lost wages.  In the second statement the victim requested $15,775.  Again, $12,000 represented lost wages.

At the hearing the victim testified that she arrived at the $12,000 lost wages figure by taking 1/12 of her previous year's gross income.  She stated she was requesting one month wages due to emotional trauma suffered from the burglary and her inability to conduct business for one month as a result of the trauma.  The victim also

admitted that the requested amount was an estimate and that her "lost wages" were in reality commissions from her real estate business.  The victim presented no evidence establishing that she would have received commissions that month even if she could have worked in her business.

■ We hold that the juvenile court erred by including $12,000 in lost real estate commissions for the reason the said amount is speculative.  Although an award of restitution need not be confined to "easily measureable damages", *State v. Garner*, 115 Ariz. 579, 581, 566 P.2d 1055, 1057 (App. 1977), it must be grounded on some reasonable basis.

Having found the juvenile court's order of restitution improper, this case is remanded for further proceedings in accordance with this opinion.

JACOBSON and SHELLEY, JJ., concur.

---

**2.** A.R.S. § 41–1605.1 establishes mandatory work programs for able-bodied youth offenders committed to the Department of Corrections. The statute also provides for payment of wages for the work and requires 2/3 of that compensation to be used to satisfy any order of restitution.