921 P.2d 36

**In the Matter of the APPEAL IN PINAL COUNTY JUVENILE DELINQUENCY ACTION No. JV–9404492.**

**No. 2 CA–JV 96–0008.**

Court of Appeals of Arizona, Division 2, Department A.

July 30, 1996.

---

Robert Carter Olson, Pinal County Attorney by Norma Lebario, Florence, for State.

Gregan Law Office by David W. Gregan, Mesa, for Minor.

## OPINION

**PER CURIAM.**

The minor, born February 7, 1979, appeals from the juvenile court's disposition order committing him to the Department of Juvenile Corrections (DJC) for a minimum of fifteen months, contending that the court abused its discretion in exceeding the DJC minimum length of stay guidelines. He also asks us to search the record for fundamental error in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969).

In November 1995, the minor admitted having committed theft by control, a class five felony, in October 1995. The property involved in that offense was a stereo, a safe, and five speakers. The minor also admitted that he had tested positive for THC cannabinoids on October 19, 1995. In exchange for his admissions, three petitions to revoke the minor's intensive probation and one count of the delinquency petition were dismissed.

In determining the appropriate disposition of the minor, the juvenile court had before it the following additional information. In September 1994, the court had placed the minor on probation for twelve months for possessing drug paraphernalia, a class six felony, on July 28, 1994. In February 1995, the court had placed the minor on intensive probation for twelve months after he admitted committing theft, a class two felony, in July 1994 and the allegation in a petition to revoke probation that he had used marijuana in January 1995. The theft, which he committed with an adult accomplice, involved $25,-000 in cash and several items of jewelry, and the minor was ordered to pay $31,000 as restitution. After the minor entered the admissions, the court dismissed two counts of the delinquency petition, one for burglary and one for criminal damage, both of which arose out of the July 1994 theft incident. The court also dismissed a second delinquency petition and one count of the petition to revoke probation, both alleging theft by control in December 1994.

In June 1995, the court had reinstated the minor on intensive probation after he admit-

ted allegations in a petition to revoke probation that he had tested positive for THC and amphetamine/methamphetamine on February 27, 1995, and for THC/marijuana on March 17, 1995.

According to the predisposition report, the minor had continually failed to comply with probation conditions. He was expelled from school for behavior problems and truancy. He was suspended and expelled twice from a community service agency and was not welcome to return because of his poor attitude and disrespect to the staff. The counselor he saw from May through September 1995 terminated counseling because of the lack of commitment and cooperation from both the minor and his mother. The probation officer observed that Juvenile Intensive Probation had exhausted all resources for the minor, he continued to be a risk to the community, and he continued to commit criminal offenses, regardless of his probation status.

Noting that the DJC length of stay guidelines were six to nine months for a juvenile adjudicated delinquent because of a class five felony with a high risk of committing other crimes, the probation officer recommended that the minor be committed to DJC for a period of fifteen months or until he reaches the age of eighteen. The juvenile court agreed with the recommendation, noting that the minor had committed three felony offenses within a two-year period, one a class two felony; had a high risk of re-offending; had not been successful in counseling; and had tested positive more than once for drugs.

■ The minor contends that the court abused its discretion in choosing to exceed the guidelines and commit him for a fifteen-month period. He argues that the court "aggravated" the commitment period based on factors already considered in the guidelines. In doing so, however, he confuses two sets of guidelines.

The first set is the Arizona Supreme Court Guidelines for Commitment to Arizona Department of Juvenile Corrections. Those guidelines identify seven categories of juvenile offenders, recommending commitment to DJC for juveniles who come within five of those categories and against commitment for the other two. Although the minor relies on

these guidelines in his argument, they address only the issue of whether a minor should be committed, not how long the commitment should be. The minor came within the category of repetitive offender. Within that category, the guidelines recommend commitment for, among others, "one who is adjudicated on prior and separate occasions for at least two felony offenses within a two year period." Because the minor had committed three felony offenses within a two-year period, the guidelines recommend that he be committed to DJC, and the court followed those guidelines in ordering him committed.

■ The second set of guidelines is the Arizona Department of Juvenile Corrections Security/Placement and Minimum Length of Stay Guidelines, which was drafted in cooperation with the juvenile court pursuant to A.R.S. § 41–2816(C). Those guidelines list ranges of recommended commitment periods for juveniles that vary with the class of felony or misdemeanor committed and the level of the risk of re-offending. They inform the juvenile court how long and in what type of facility DJC will keep a juvenile committed to its care, thus permitting the court to establish, pursuant to A.R.S. § 8–241(I), a minimum time period of its own if it believes that necessary. It is important to note that these guidelines are just that: guidelines; they are not mandatory and do not place constraints on the juvenile court's discretion to determine the appropriate length of stay. The statute requires only that the court consider the guidelines, which the court did here.

The court was aware that it had previously adjudicated the minor delinquent because he had committed a class two felony and that the minor had been unable to comply with either probation or intensive probation conditions during the previous fifteen months. Therefore, it did not abuse its discretion in determining that the length of stay guideline for the class five felony involved in the current disposition was insufficient.

■ The minor also contends that the court abused its discretion by committing him to DJC without considering other alternatives that were available. As we noted above, the minor came within one of the

categories for which the commitment guidelines recommend commitment to DJC. Moreover, his counsel argued that alternatives to commitment were available at the disposition hearing, detailing several of them. The probation officer responded that several of those programs had considered the minor for admission but had rejected him for lack of commitment on his part. We find no abuse of discretion in the court's decision to commit the minor to DJC instead.

Pursuant to *Anders* and *Matter of Appeal in Maricopa County Juvenile Action No. JV–117258*, 163 Ariz. 484, 788 P.2d 1235 (App.1989), we have searched the record before us and have found no fundamental error. The disposition order of the juvenile court is affirmed.