975 P.2d 152

**In re KRISTEN C.**

**No. 1 CA–JV 98–0169.**

Court of Appeals of Arizona,
Division 1, Department B.

March 11, 1999.

Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Suzanne Weschler Sanchez, Deputy Public Defender, Mesa, for Appellant.

## OPINION

THOMPSON, Judge

¶ 1 Kristen C. (juvenile) appeals from the trial court's entry of a restitution order. We have jurisdiction pursuant to Rules 24 through 29, Rules of Procedure for Juvenile Court.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 On October 28, 1997, the state filed a two-count petition alleging that juvenile had committed burglary and theft. After adjudication proceedings, the court found juvenile delinquent on both counts on May 1, 1998.

¶ 3 The court placed juvenile on probation. Furthermore, on July 15, 1998, the court ordered juvenile to pay the victim $6,000.00 in restitution.[1] Juvenile's eighteenth birthday was three days later on July 18, 1998, and the court ordered that juvenile pay the entire $6,000.00 before that date.

¶ 4 Juvenile had previously testified that she works at ABCO and earns about $5.50 or $5.55 per hour working ten to twenty hours a week. Her largest paycheck was $154.75, and she had no savings. Juvenile also helped to support her family.

¶ 5 The commissioner made the following statement on the record:

> Kristen, I understand that it may be extremely difficult if not impossible for you to pay the restitution amount prior to that date. If it is not paid, the State will obtain a civil judgment against you in that amount.

The court found no basis on which to order juvenile's mother to pay any portion of the restitution.

¶ 6 On appeal, juvenile argues that the trial court abused its discretion when it entered a restitution order with which it would be extremely difficult, if not impossible, for her to comply.

## DISCUSSION

¶ 7 After adjudicating a juvenile delinquent, the trial court has "'broad power to make a proper disposition.'" *Maricopa County Juvenile Action No. JV–510312,* 183 Ariz. 116, 118, 901 P.2d 464, 466 (App.1995) (quoting *Maricopa County Juvenile Action No. J–72918–S,* 111 Ariz. 135, 137, 524 P.2d 1310, 1312 (1974)). We will not disturb that disposition absent an abuse of discretion. *See id.* (citing *Maricopa County Juvenile Action No. JV–128676,* 177 Ariz. 352, 353, 868 P.2d 365, 366 (App.1994)).

¶ 8 The purpose of disposition after an adjudication of delinquency is rehabilitation, not punishment. *See id.* (citing *Maricopa County Juvenile Action No. JV–500210,* 177 Ariz. 3, 5, 864 P.2d 560, 562 (App.1993)). Juvenile argues that having to pay $6,000.00 within three days or have a civil judgment entered against her is an unreasonable order, serves no rehabilitative purpose, and is un-

---

1. The victim's total economic loss was $9,083.00.

lawful. The state argues that the court acted within its discretion and that the order had the rehabilitative purpose of holding juvenile accountable for her own actions and part of the loss she caused the victim.

¶ 9 Arizona Revised Statutes Annotated (A.R.S.) § 8–341(G)(1) (Supp.1998) provides that:

> G. The court shall, after considering the nature of the offense and the age, physical and mental condition and earning capacity of the juvenile, order the following dispositions for a delinquent juvenile ...
>
> 1. To make full or partial restitution to the victim of the offense for which the juvenile was adjudicated delinquent....

Under A.R.S. § 8–341(H), if the court finds that the earning potential of the juvenile is insufficient to pay restitution, the court may order the juvenile's parent to make restitution to the victim. If the court does so, it must also order the juvenile to make partial restitution, regardless of her insufficient earning capacity. The court cannot consider the parent's ability to pay restitution before making the order. *See id.*

¶ 10 An examination of the history of restitution in juvenile proceedings sheds light on why it was not error for the trial court to order juvenile to pay the entire amount of restitution ordered before her eighteenth birthday. Section 8–341 was originally enacted as A.R.S. § 8–241 in 1970.[2] *See* 1970 Ariz. Sess. Laws ch. 223. At that time, it did not mention restitution. By 1983, the Senate's proposed amendment to the statute stated that "[t]he court may" order a delinquent juvenile "[t]o make full or partial restitution to the victim of the offense for which the child was adjudicated delinquent." 1983 Ariz. Sess. Laws ch. 170, § 1. The House Bill, however, replaced "may" with "shall," thereby requiring the court to order that a juvenile make restitution after considering "the nature of the offense and the age, physical

and mental condition and earning capacity of the child." 1983 Ariz. Sess. Laws ch. 257, § 2. At that time, the House stated that it is the policy of this state that juvenile offenders pay restitution or monetary assessments. *See id.*

¶ 11 In 1985, A.R.S. § 8–241(C)(1) remained unchanged. That year, we issued *Maricopa County Juvenile Action No. J–96304*, 147 Ariz. 153, 708 P.2d 1344 (App. 1985). In that case, a sixteen-year-old juvenile was ordered to pay $13,687.00 in restitution before his eighteenth birthday. *See id.* at 154, 708 P.2d at 1345. The juvenile appealed, alleging that the juvenile court failed to ascertain his ability to pay that amount. *See id.* Relying on *State v. Hawkins*, 134 Ariz. 403, 656 P.2d 1264 (App.1982),[3] we found that "the focus of the juvenile restitution statute pertains to a juvenile's financial ability to make restitution," and held that the restitution order was improper because the juvenile court failed to consider the juvenile's ability to pay restitution as demanded under A.R.S. § 8–241(C). *J–96304*, 147 Ariz. at 154–55, 708 P.2d at 1345–46.

■ ¶ 12 However, at the time that case was decided, the statutory protections that exist today for victims who are unable to collect restitution by the time a juvenile reaches eighteen did not exist. In 1990, the victims' bill of rights was added to the Arizona Constitution. It provides crime victims with the right "[t]o receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Ariz. Const., Art. 2, § 2.1(A)(8). In the case of juvenile offenses, the victims' bill of rights cross-references A.R.S. § 8–381 *et seq.*,[4] which provides for victims' rights for juvenile offenses.[5] Section 8–383(A) (Supp.1998) states that

> ... the rights and duties that are established by this article arise on the arrest or

---

2. Section 8–241 was renumbered as § 8–341 effective July 1, 1998.

3. *Hawkins* held that the adult restitution provision compels evaluation of a defendant's economic posture. *See* 134 Ariz. at 406, 656 P.2d at 1267.

4. Section 8–281 *et seq.* was renumbered as § 8–381 *et seq.* effective July 1, 1998.

5. The victims' bill of rights gives the legislature, or the people by initiative or referendum, the "authority to extend any of these [enumerated] rights to juvenile proceedings." Ariz. Const., Art. 2, § 2.1(D).

formal charging of a juvenile who is alleged to be responsible for a delinquent act against a victim. The rights and duties continue to be enforceable pursuant to this article until the final disposition of the charges, including acquittal or dismissal of the charges, all postadjudication release, review and appellate proceedings and the discharge of all proceedings related to restitution. *If a delinquent is ordered to pay restitution to a victim, the rights and duties continue to be enforceable until restitution is paid or a judgment is entered in favor of the victim pursuant to § 8–344.*

(Emphasis added.) Section 8–344 (Supp. 1998) provides that

A. The juvenile court shall retain jurisdiction of the case for purposes of modifying the manner in which restitution payments ordered pursuant to § 8–341, subsection C are made until the child attains the age of eighteen years. At the time the child attains the age of eighteen years, the court shall enter both:

1. Judgment in favor of the state for the unpaid balance, if any, of any costs, fees, surcharges or monetary assessments imposed.

2. Judgment in favor of each person entitled to restitution for the unpaid balance of any restitution ordered.

B. The judgment may be enforced and renewed as any civil judgment.

Section 8–344 was added in 1994, nine years after the decision in *J–96304.* If this statute and the victims' bill of rights had existed in 1985, we should not have had the same apprehension about ordering a sixteen-year-old juvenile to pay such a large sum in restitution because it would have been anticipated that the court would enter a judgment in favor of the victim when the juvenile turned eighteen.

¶ 13 Furthermore, at the same time the legislature enacted A.R.S. § 8–344, it also enacted A.R.S. § 8–345.[6] Section 8–345 enables a person who is entitled to restitution pursuant to § 8–341(G) to file a restitution lien. It is apparent that these provisions were enacted pursuant to the authority of

Ariz. Const., Art. 2, § 2.1(D) and constitute the extension of the victim's constitutional right to receive restitution to juvenile proceedings. In ordering restitution, the trial court was enforcing a right that has constitutional dimensions.

¶ 14 Because the trial court ordered juvenile to pay restitution by her eighteenth birthday, the victim has a means of collection that does not depend on the court's supervisory authority over juvenile probationers. The court can enter a judgment in the victim's favor for any unpaid restitution pursuant to A.R.S. § 8–344, and she can then secure the judgment with a restitution lien under A.R.S. § 8–345. We are not faced with any attempt to enforce a punitive sanction against juvenile in this case, and we might take a different view if juvenile were facing jail time for not paying the restitution. The end result of the statutory scheme is not unfair punishment, but rather accountability for unlawful conduct. The availability of a restitution lien obviates any inclination to impose a punitive sanction.

■ ¶ 15 Juvenile also argues that the court's apparent belief that the juvenile's mother did not fail to supervise the juvenile or otherwise contribute [to] the victim's loss, as well as the juvenile's mother's financial situation, should not have prevented the court from ordering that the juvenile's mother pay a portion of the restitution. The court could have ordered the juvenile to pay a smaller portion of the restitution and the juvenile's mother to pay the balance.

However, it was within the trial court's discretion not to order juvenile's mother to pay a portion of the restitution, and there is no evidence that the commissioner improperly considered the mother's financial situation when she made that decision. We find no error in the commissioner's decision not to order juvenile's mother to pay part of the restitution. *See* A.R.S. § 8–341(H).

¶ 16 Because juvenile's eighteenth birthday was just three days after the restitution hearing, the trial court was within its discretion to order juvenile to pay the entire

6. These sections were numbered A.R.S. §§ 8–250 and 8–251 until July 1, 1998.

amount of the restitution by her birthday. *See* A.R.S. § 8–341(G). If the trial court had not made such an order, it would have lost jurisdiction over juvenile upon her eighteenth birthday, and the victim would be unable to obtain a restitution lien. *See* Rule 1(B), Rules of Procedure for Juvenile Court; A.R.S. §§ 8–344 and 8–345.

## CONCLUSION

¶ 17 For the foregoing reasons, the decision of the trial court is affirmed.

JAMES B. SULT, Presiding Judge, and SARAH D. GRANT, Judge, concur.