NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE JELOHREA J.

No. 1 CA-JV 17-0562
FILED 5-3-2018

Appeal from the Superior Court in Maricopa County
No.  JV601224
The Honorable Shellie F. Smith, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Mesa
By Colleen Engineer
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr.  joined.

**J O N E S**, Judge:

¶1 Jelorhea J. (Juvenile) appeals the juvenile court's disposition order placing him in a locked residential treatment center (RTC). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In February 2017, Juvenile was charged with possession of marijuana and possession of drug paraphernalia. At the time, Juvenile was living with his aunt, who had found the marijuana and paraphernalia in his room and reported it to the police. In April 2017, Juvenile participated in a psychological evaluation with Dr. Hirdes, who noted concerns that Juvenile was acting out and would continue to do so without adequate treatment. In a written report, Dr. Hirdes recommended that Juvenile be placed in RTC.

¶3 In November 2017, Juvenile pleaded delinquent to possession of marijuana. Before holding disposition, the juvenile court granted Juvenile's request for an updated evaluation. Dr. Hirdes conducted a second evaluation and again recommend placement in RTC. At disposition, the juvenile probation officer (JPO) agreed with Dr. Hirdes's recommendation, noting that before adjudication, Juvenile had been unsuccessful in an intensive outpatient program because he failed three drug tests and did not attend treatment. Juvenile argued a less restrictive in-home service was available through the Department of Child Safety.

¶4 At disposition, the trial court placed Juvenile on twelve months' supervised probation and ordered he be placed in RTC. Juvenile timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 8-235(A),[1] 12-120.21(A)(1), and -2101(A)(1). *See Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 513, ¶ 3 (App. 2000) ("[T]he final order in a delinquency action is the disposition order.") (citing *Maricopa Cty. Juv. Action No. J-78151-S*, 119 Ariz. 320, 321 (App. 1978)).

¶5 In February 2018, the juvenile court reviewed Juvenile's status in RTC and, after considering new reports from RTC and the JPO, explicitly

---

[1] Absent material changes from the relevant date, we cite a statute's current version.

found that continued placement in RTC was necessary and the least restrictive alternative.

## DISCUSSION

**¶6**          Juvenile argues the juvenile court abused its discretion by ordering him to RTC because a less restrictive alternative existed. We will not disturb the court's disposition absent an abuse of discretion. *In re Miguel R.*, 204 Ariz. 328, 331, ¶ 4 (App. 2003) (citing *In re Kristen C.*, 193 Ariz. 562, 563, ¶ 7 (App. 1999)). The juvenile court has broad discretion to determine an appropriate disposition of a delinquent juvenile. *Id*. at ¶ 3 (quoting *Maricopa Cty. Juv. Action No. JV-510312*, 183 Ariz. 116, 118 (App. 1995)). The court is authorized to order residential treatment, but placement in RTC must "be supported by a written psychological, psychiatric or medical evaluation recommending residential treatment services." A.R.S. § 8-341.01(A). Additionally, the court must find by clear and convincing evidence that: "[t]he child requires residential treatment services to address the child's behavioral, psychological, social or mental health needs," and "[a]vailable alternatives to residential treatment services were considered, but that residential treatment services are the least restrictive alternative." A.R.S. § 8-341.01(B).

**¶7**          The record here reflects the juvenile court received and considered a written psychological evaluation which recommended Juvenile be placed in RTC. The evaluation noted Juvenile had demonstrated runaway behavior, school truancy, and "increasingly oppositional behavior within the home of his . . . aunt." Additionally, at disposition, the JPO agreed with the psychologist's recommendation, noting Juvenile had not been successful in a less restrictive outpatient program, having repeatedly failed to attend treatment and tested positive for drug use. Accordingly, the court acted within its discretion in ordering Juvenile to RTC.

**¶8**          Juvenile also argues the juvenile court erred at disposition by not making specific, written findings that he required residential treatment and it was the least restrictive alternative. Although the court did not expressly state those findings in its order, we presume the court considered those factors and made those findings before ordering residential treatment. *See In re Niky R.*, 203 Ariz. 387, 392, ¶ 21 (App. 2002) ("We assume that judges follow and apply the law" and therefore presume the trial court "made every finding necessary to support the judgment.") (quoting *Maricopa Cty. Juv. Action No. JS-3594*, 133 Ariz. 582, 585 (App. 1982)) (citations omitted). Moreover, the record demonstrates the court had

sufficient facts before it to find by clear and convincing evidence that Juvenile needed residential treatment to address his behavioral, psychological, social or mental health needs; that available alternatives were considered; and that residential treatment was the least restrictive alternative. *See supra* ¶ 3. Finally, the court's minute entry from the February 2018 status hearing includes the specific findings that A.R.S. § 8-341.01(B) requires, rendering our consideration of the issue moot. Accordingly, we find no error.

## CONCLUSION

¶9        The juvenile court's disposition order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA