NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE CHRISTIAN S.

No. 1 CA-JV 18-0286
FILED 1-15-2019

Appeal from the Superior Court in Maricopa County
No. JV198969
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

The Law Office of Kevin Breger, Scottsdale
By Kevin Breger
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

**J O N E S**, Judge:

¶1        Christian S. (Juvenile) appeals the juvenile court's disposition order committing him to the Arizona Department of Juvenile Corrections (ADJC).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In February 2018, Juvenile pleaded delinquent to one count of minor in possession of a firearm and was placed, for the third time, on juvenile intensive probation (JIPS).[1]  In April, Juvenile admitted to violating the terms of his probation by testing positive twice for marijuana; thereafter failing to participate in weekly urinalysis testing, counseling, and services; and failing to complete community service.  Disposition for the violations was delayed until June to accommodate scheduled medical treatment for a head injury sustained in an unrelated incident.  Juvenile failed to appear for disposition as scheduled, and a search incident to his arrest on the resulting bench warrant revealed a hatchet and drug paraphernalia hidden under his mattress.    That same day, he tested positive for marijuana and amphetamines.

¶3        At the July 2018 disposition hearing, the juvenile probation officer (JPO) recommended Juvenile be committed to ADJC.  The JPO noted Juvenile had already been placed on JIPS three times and "exhausted all options available to probation."  Additionally, the JPO noted Juvenile had failed to comply with the terms of probation, Juvenile continued to use illegal drugs, and Juvenile's parents were not willing to participate in services.  Juvenile argued that commitment to ADJC was not the least restrictive alternative.  He explained he required ongoing medical treatment for his head injury and raised concerns about his safety at ADJC.

¶4        After considering these circumstances and Juvenile's high risk to reoffend, the juvenile court found Juvenile posed a threat to himself and the community and that all of the less restrictive alternatives had already been attempted.  The court then ordered Juvenile be committed to ADJC "until the age of eighteen or until sooner released pursuant to law."  Noting Juvenile's concerns regarding his medical condition, the court ordered ADJC to conduct a medical examination upon entry and that a

---

[1]        We view the facts in the light most favorable to sustaining the juvenile court's order.  *In re Amber S.*, 225 Ariz. 364, 366-67, ¶ 6 (App. 2010) (citing *In re John M.*, 201 Ariz. 424, 426, ¶ 7 (App. 2001)).

copy of a doctor's medical report regarding Juvenile's injuries be sent to ADJC. Juvenile timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 8-235(A),[2] 12-120.21(A)(1), and -2101(A)(1). *See Rita J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 512, 513, ¶ 3 (App. 2000) ("[T]he final order in a delinquency action is the disposition order.") (citing *Maricopa Cty. Juv. Action No. J-78151-S*, 119 Ariz. 320, 321 (App. 1978)).

**DISCUSSION**

**¶5**        "The juvenile court has broad discretion to determine an appropriate disposition for a delinquent juvenile." *In re Niky R.*, 203 Ariz. 387, 390, ¶ 10 (App. 2002) (citing *In re Kristen C.*, 193 Ariz. 562, 563, ¶ 7 (App. 1999)). Accordingly, we will not modify the court's disposition absent an abuse of discretion. *Id.* A court abuses its discretion "when the [disposition] decision is arbitrary or capricious, or when the court fails to conduct an adequate investigation into the facts relevant to [disposition]." *State v. Fillmore*, 187 Ariz. 174, 184 (App. 1996) (citing *State v. Stotts*, 144 Ariz. 72, 87 (1985)).

**¶6**        Generally, the juvenile court's options at disposition "range from the less severe (probation on specified terms) to the most severe (commitment to ADJC up to age eighteen)." *Amber S.*, 225 Ariz. at 367, ¶ 9; *see also* A.R.S. § 8-341(A)(1). Before committing a juvenile to ADJC, however, the court must consider the guidelines promulgated in Arizona Code of Judicial Administration § 6-304(C)(1) (Commitment Guidelines). Specifically, when considering whether to commit a juvenile to ADJC, the court must:

> a.    Only commit those juveniles who are adjudicated for a delinquent act and whom the court believes require placement in a secure care facility for the protection of the community;
>
> b.    Consider commitment to ADJC as a final opportunity for rehabilitation of the juvenile, as well as a way of holding the juvenile accountable for a serious delinquent act or acts;
>
> c.    Give special consideration to the nature of the offense, the level of risk the juvenile poses to the community,

---

2        Absent material changes from the relevant date, we cite the current version of rules and statutes.

and whether appropriate less restrictive alternatives to commitment exist within the community; and

d. Clearly identify, in the commitment order, the offense or offenses for which the juvenile is being committed and any other relevant factors that the court determines as reasons to consider the juvenile a risk to the community.

Ariz. Code Jud. Admin. § 6-304(C)(1). With the exception of subsection (a), the Commitment Guidelines are "just that: guidelines; they are not mandatory and do not place constraints on the juvenile court's discretion . . . to determine whether a commitment to ADJC is in fact appropriate." *Niky R.*, 103 Ariz. at 390, ¶ 12 (quoting *Pinal Cty. Juv. Delinquency Action No. JV-9404492*, 186 Ariz. 236, 238 (App. 1996), and citing *In re Melissa K.*, 197 Ariz. 491, 495, ¶ 14 (App. 2000)). Nor should they be applied "in a mechanical fashion." *Id.* at ¶ 13. Rather, the court must determine the appropriate disposition "under the unique circumstances of the particular juvenile." *Id.*

¶7 Here, Juvenile argues the juvenile court failed to explore less restrictive alternatives before committing Juvenile to ADJC. Specifically, Juvenile argues the court should have continued him on JIPS and allowed him to recover from his surgeries at home. But even assuming it were otherwise appropriate to grant Juvenile further opportunities to comply with JIPS, the mere existence of a less restrictive and appropriate alternative does not establish an abuse of discretion so long as the court "give[s] special consideration to" any alternatives to commitment. Ariz. Code Jud. Admin. § 6-304(C)(1)(c); *see also Niky R.*, 203 Ariz. at 390, ¶ 19 (noting the Commitment Guidelines "do not mandate that the less restrictive alternative be ordered").

¶8 Here, Juvenile had an opportunity to provide the juvenile court with all information he believed relevant to disposition, including his concerns regarding his medical history and needs. The record shows Juvenile had been placed on JIPS three times and repeatedly failed to engage in services. The court specifically noted Juvenile's "pattern of noncompliance" and found that all less restrictive means had been tried without success. The record reflects the court gave special consideration to Juvenile's medical condition before ordering commitment to ADJC and took steps to mitigate any risk to Juvenile's safety while committed to ADJC. On this record, we find no abuse of discretion in the court's disposition order. *Cf. JV-9404492*, 186 Ariz. at 238-39 (affirming a

disposition order committing a juvenile to ADJC where the juvenile was a repeat offender and the JPO testified juvenile's "lack of commitment" made him an inappropriate candidate for less restrictive alternatives).

**CONCLUSION**

¶9      The juvenile court's disposition order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA