NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE BRIMA T.

No. 1 CA-JV 18-0457
FILED 5-21-2019

Appeal from the Superior Court in Maricopa County
No. JV199242
The Honorable Nicolas B. Hoskins, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Advocate's Office, Phoenix
By Lori A. Leon
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Kent E. Cattani joined.

_____

**B E E N E**, Judge:

¶1            Brima T. ("B.T.") appeals from the superior court's order committing him to the Arizona Department of Juvenile Corrections ("ADJC").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2            In March 2015, B.T.'s first juvenile court petition was filed, for shoplifting, when B.T. was thirteen.  In April 2015, a second petition was filed for both aggravated assault with a deadly weapon and disorderly conduct.  For these petitions, B.T. pled delinquent to aggravated assault, and the other charges were dismissed.  At the disposition hearing, B.T. was placed on juvenile intensive probation supervision ("JIPS") and released into the physical custody of his mother.

¶3            In October 2015, a petition to revoke B.T.'s probation was filed when B.T. failed to report police contact or remain at home, as required by probation.  After admitting to violating his probation, B.T. was reinstated on JIPS and again released to the physical custody of his mother.

¶4            In January 2016, two additional petitions were filed.  The first petition alleged aggravated robbery, theft of means of transportation, and aggravated assault.  The second petition alleged probation violations, specifically failure to charge his electronic monitoring unit and failure to remain at home, as required by his probation.  For these petitions, B.T. pled delinquent to attempted robbery and admitted to violating his probation. In April 2016, B.T. was released into the custody of the Department of Child Safety ("DCS") and placed at Canyon State Academy.

¶5            In September 2016, two additional petitions were filed, one for attempted robbery, and the other for two probation violations—failure to follow the rules and failure to complete his treatment program.  For these September petitions, B.T. pled delinquent to theft, and the probation violations were dismissed.  In December 2016, B.T. returned to the custody of DCS and was later placed at Canyon State Academy.  In January 2018,

B.T. was reinstated on JIPS and then reduced to standard probation. In May 2018, B.T. completed his required probation.

¶6       In September 2018, a new petition was filed for marijuana possession for which B.T. was committed to ADJC for a minimum of 30 days beginning November 1, 2018.  B.T. timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(A)(1) and Arizona Rule of Procedure for the Juvenile Court 106(F)(4).

## DISCUSSION

¶7       B.T. contends the superior court "abused its discretion when it deviated from the Arizona Supreme Court Guidelines and committed [B.T.] to the custody of [ADJC]."  Specifically, B.T. states that "although there is a history that [B.T.] posed a risk to the community, there is not a current risk that warranted placement of [B.T.] in secure care at [ADJC]," and the superior court should have "sen[t B.T.] home with his family on intensive probation."

¶8       The Arizona Supreme Court Guidelines require the superior court to consider certain factors prior to ordering the commitment of a juvenile.  Ariz. Code of Jud. Admin. ("C.J.A.") § 6-304(C)(1); *see also* A.R.S. § 8-246.   These factors include the protection of the community; the juvenile's accountability and rehabilitation; nature of the offense, level of risk, and available less-restrictive alternatives; and any other relevant factors related to the juvenile's risk to the community.   C.J.A. § 6-304(C)(1)(a)-(d).  The court may also consider recommendations of the probation officer and the need for a structured or secure environment.  *See Maricopa Cty. Juv. Action No. J-90110*, 127 Ariz. 389, 394 (App. 1980).  "A juvenile court is not required to follow the guidelines, but it must consider them in making disposition."  *In Re Melissa K.*, 197 Ariz. 491, 495, ¶ 14 (App. 2000) (citing A.R.S. § 8-246(C) (1999); *Pinal Cty. Juv. Action No. JV-9404492*, 186 Ariz. 236, 238-39 (1996)).  We review the court's decision for an abuse of discretion and to ensure it considered the C.J.A. § 6-304 factors.  *See J-90110*, 127 Ariz. at 394; *Melissa K.*, 197 Ariz. at 495, ¶ 14.

¶9       Here, the record demonstrates that the superior court considered the C.J.A. § 6-304 factors, including the "incredibly serious felonies" that B.T. had committed since 2015, and the potential to avoid new, more serious charges if committed to ADJC rather than released. The court further described a need to "hold [B.T.] accountable for the series of significant felonies that he ha[d] committed over the preceding three years," and ADJC's therapy and other available resources for rehabilitation.

**¶10** The superior court considered the placement options utilized "over a year-and-a-half, 500-something days [at Canyon State Academy], [which] were not effective in moderating [B.T.'s] behavior" and noted that DCS and Canyon State Academy were no longer available options. The only options available were ADJC or placement with mother at home, and he had not fared well at home. The court noted that B.T. did "fine in a setting where he kn[ew] the expectations" and faced a "definitive" threat of punishment.

**¶11** Additionally, B.T.'s mother testified that she no longer had "the strength" or "kn[e]w what else to do" if B.T. were placed at home. Mother recounted that in the past three years, even when he was on an ankle monitor, B.T. had not listened to or complied with the rules, been picked up by police multiple times, and cut off his ankle monitor. Mother believed, with B.T. in custody, she would be "at peace because [she would know] where [B.T. was and], he [was] safe." The court noted the anxiety of B.T.'s parents for their son, the "breakdown of the family relationship of trust," and the unlikelihood B.T. would then "be successful in the community."

**¶12** The superior court also considered the probation officer's recommendation that B.T. be committed to ADJC due to B.T.'s multiple prior unsuccessful attempts on JIPS and the time B.T. had already spent at Canyon State Academy. Additionally, the State recommended B.T. be committed to ADJC given that he was not "amenable to probation," "continue[d] to violate the law and probation," refuses to follow normal parenting rules or attend school, and had 11 prior petitions.

**¶13** The record indicates the superior court considered the C.J.A. § 6-304 factors prior to ordering B.T.'s commitment. *See* C.J.A. § 6-304(C)(1); *see also* A.R.S. § 8-246; *J-90110*, 127 Ariz. at 394. The court has broad discretion in determining placement and did not abuse its discretion. *See Melissa K.*, 197 Ariz. at 495, ¶ 14.

**¶14** We note that the current commitment order incorrectly recites charges previously adjudicated in a prior petition. Consistent with the November 1, 2018 minute entry and hearing transcript, the November 1, 2018 delinquency adjudication was for marijuana possession, a Class 1 misdemeanor, for violation of A.R.S. § 13-3405. Accordingly, we correct the order of commitment filed on November 1, 2018 to recite the adjudication documented in the September 13, 2018 petition for possession of marijuana, a Class 1 misdemeanor. *See State v. Contreras*, 180 Ariz. 450, 453, n.2 (App.

1994) ("When we are able to ascertain the trial court's intention by reference to the record, remand for clarification is unnecessary." (citation omitted)).

## CONCLUSION

**¶15**         Because the superior court considered the C.J.A. § 6-304 factors prior to ordering B.T.'s commitment, we affirm and correct the November 1, 2018 order of commitment to recite an adjudication for marijuana possession.



AMY M. WOOD • Clerk of the Court
FILED:  AA